UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTY SLOCUMB,

    Plaintiff,

v.                                                                  Case No: 5:16-cv-617-Oc-10PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.
_____

# REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be affirmed.

## I.    BACKGROUND

Plaintiff filed applications for DIB and SSI, alleging disability beginning December 1, 2007. (Tr. 242–43). The claims were denied initially and upon reconsideration. (Tr. 135–41, 144–49, 155–65). At Plaintiff's request, a hearing was held before Administrative Law Judge Janet Mahon (the "ALJ"), who then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 26–42, 50–84).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 28). At step two, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, hepatitis C, hypertension, herniated disc, morbid obesity, depression, anxiety and abdominal pain. (Tr. 28).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 28–30). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(h) and 416.967(b) except the claimant should never climb ropes, scaffolds or ladders. The claimant has occasional postural limitations in climbing stairs/ramps, balance, stoop, kneel and crawl. The claimant needs to avoid concentrated exposure to extreme cold, heat, humidity and hazards such as machinery and heights. The claimant can frequently use her upper extremities with fingering. The claimant retains the ability to perform simple tasks but no tasks with detailed instructions. The claimant is limited to occasional interaction with the public.

(Tr. 30–40).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work. (Tr. 40–41). At step five, however, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform—cleaner, marker, and checker. (Tr. 41–42).

Thus the ALJ found that Plaintiff was not disabled from December 1, 2007, through the date of the decision. (Tr. 42). Then, the Appeals Council denied Plaintiff's request for review making the hearing decision the final decision of the Commissioner. (Tr. 10–15). With her administrative remedies exhausted, Plaintiff filed the instant appeal. (Doc. 1).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates

against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III. DISCUSSION**

On appeal Plaintiff raises a single issue: whether a consultative psychological evaluation was necessary to fully and fairly develop the record. For the following reasons, I submit that a consultative psychological evaluation was not necessary.

It is well-settled that the ALJ has a "basic obligation" to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).[2] Although the ALJ has a basic obligation to fully and fairly develop the record, Plaintiff—and not the ALJ—bears the burden of proving she is disabled, and thus, Plaintiff is responsible for producing evidence to support her claim. *Id*. The ALJ's obligation to develop a full and fair record includes ordering a consultative examination if one is needed to make an informed decision. *See Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1280–81 (11th Cir. 2001); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Where, as here, a case is heard by an ALJ, the "ALJ has regulatory flexibility to evaluate mental impairments to determine their severity" without necessarily obtaining a consultative examination first. *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006); *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999) ("[A]n ALJ is not required to employ the assistance of a qualified

---

[2] This basic obligation only rises to the level of a special duty when a claimant is unrepresented and unfamiliar with hearing procedures. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Here, Plaintiff was represented at the administrative hearing by an attorney (Tr. 50) and Plaintiff raises no challenge regarding her representation. Accordingly, the ALJ's duty to develop a full and fair record did not rise to the level of a heightened duty. *See Ellison*, 355 F.3d at 1276–77.

psychiatrist or psychologist in making an initial determination of mental impairment."); *see Russell v. Astrue*, 742 F. Supp. 2d 1355, 1371 (N.D. Ga. 2010). Indeed, because the Social Security Act requires only substantial evidence to support the ALJ's findings, a consultative examination is not required to establish absolute certainty regarding Plaintiff's condition. *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). Moreover, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). The court should be guided by whether the record shows evidentiary gaps which result in unfairness or "clear prejudice." *Id.*

Here, the record contained sufficient evidence to allow the ALJ to make an informed decision about the severity of Plaintiff's mental impairments (and the ALJ did make an informed decision). First, the ALJ found that Plaintiff's medically determinable mental impairments of depression and anxiety are severe.[3] (Tr. 28). Second, the ALJ found that Plaintiff's impairments do not meet or equal a listed impairment. (Tr. 28–30). In making this finding, the ALJ noted that Plaintiff can attend to her own personal hygiene; can drive, grocery shop, go the movies and church; can clean the bathroom; can prepare dinner; can feed her dog; can get along with authority figures; can pay her bills, count change, and handle a checkbook; can follow written instructions;

---

[3] To the extent that Plaintiff argues that the ALJ failed to consider the severity of her impairments in combination, I note that the ALJ explicitly stated that Plaintiff does not have "an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments" and stated that she considered all or her symptoms in assessing Plaintiff's RFC. (Tr. 28, 30). The Eleventh Circuit has held that such findings are sufficient to establish that the ALJ considered the combined effect of the claimant's impairments during her evaluation. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011) ("The ALJ specifically stated that [the plaintiff] did not have an 'impairment, individually or in combination' that met one of the listed impairments in evaluating step three of the process. That statement shows that the ALJ considered the combined effects of [the plaintiff's] impairments during her evaluation."); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). Also, I note that Plaintiff does not argue that the RFC fails to account for her non-exertional limitations.

can handle stress well; can use a computer; treats her anxiety with medication; and has no episodes of decomposition. (Tr. 28–30, 284, 287, 289, 290, 316, 329, 332, 633, 635, 637).

Third, and no less importantly, the ALJ found—in considering Plaintiff's RFC—that she "retains the ability to perform simple tasks but no tasks with detailed instructions" and "is limited to occasional interaction with the public." (Tr. 30–40). In making this assessment, the ALJ noted 2008 and 2009 treatment notes from Southeastern Rehabilitation Medicine, which showed that Plaintiff had a normal mood and affect (Tr. 31, 416, 420, 424, 427–28, 431, 434, 438, 442, 445, 449, 452, 455, 460, 464, 469); Bhemma Singu, M.D., found on November 2012 that Plaintiff's mood and affect were normal and that she had an intact memory (Tr. 34, 591, 594); Plaintiff presented on February 5, 2013 to Ocala Regional Medical Center and displayed a normal mood and affect (Tr. 35, 677); and consultative physician Samer Choski, M.D, found in May 2013, during a physical examination, that Plaintiff showed a normal mood, normal affect, had an intact memory, can take care of her personal hygiene, can drive a vehicle, can grocery shop, can clean the sink, can prepare meals, can interact with the public and maintain sufficient level of functional ability, and her anxiety and depression are clinically stable. (Tr. 35, 633, 635, 637). The ALJ also notes the findings of two state agency psychologists, Sharon Ames-Dennard, Ph.D., and David Clay, Ph.D., both of whom, according to the ALJ, "had the opportunity to review the clinical findings and other reports and opined that the claimant's mental impairment was non-severe secondary to no restrictions of activities of daily living, no difficulties maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace and no repeated episodes of decompensation." (Tr. 40, 99–100, 113–14).

The ALJ then stated that despite Plaintiff's testimony of mental illness, she has not sought treatment from a mental health professional.[4] (Tr. 38, 40). *Garcia v. Astrue*, No. 8:10-CV-2237-T-TGW, 2011 WL 3875430, at *4 (M.D. Fla. Sept. 1, 2011) (finding that no consultative exam was necessary where there was "no indication that [the plaintiff] sought treatment with a mental health professional"). Further, the mere fact that Plaintiff is being treated with medication for her mental health issues does not necessitate a consultative examination. *Sneed*, 214 F. App'x at 886 ("[B]rief references to depression, which [are] apparently being treated with medication, [are] insufficient to trigger the ALJ's duty to obtain a psychological consultative report."). The ALJ also considered the opinion of Marc Sacher, D.O., who stated that Plaintiff's pain would occasionally interfere with her concentration in performing even simple tasks. (Tr. 37, 40, 769). Taking this opinion into account and according it some weight, along with considering Plaintiff's testimony and the other evidence, the ALJ limited Plaintiff to simple, routine tasks with only occasional interaction with the public. (Tr. 40).

To be sure, it is clear that the ALJ noted the numerous instances in the record where Plaintiff was diagnosed with anxiety, depression, and pain (Tr. 30–40); but Plaintiff fails to point to any non-exertional limitations associated with these diagnoses. *Amedio v. Astrue*, No. 8:10-CV-1350-T-TGW, 2011 WL 2446610, at *6 (M.D. Fla. June 15, 2011) (finding that no consultative exam was needed and noting that "sporadic mentions in the record of depression without an assessment of a functional limitation would not have prompted the law judge to think that the plaintiff was restricted in her working capacity due to depression"). And lastly, the only purported prejudice that Plaintiff points to in her brief is the lack of a consultative psychological

---

[4] Plaintiff makes a passing reference in her brief that she underwent a psychological evaluation on July 19, 2013, and that this purported evaluation is absent from the record; but this passing reference is the only mention of this supposed evaluation that Plaintiff makes. (Pl.'s Br. at p.8 & n.1). And Plaintiff admits in her brief that she "has no treating psychologist or psychiatrist." (Pl.'s Br. at p.21).

examination (Pl.'s Br. at p.22)—but it is Plaintiff's duty to show *how* the ALJ's failure to obtain a psychological examination prejudiced her, the mere lack of a consultative examination is inadequate to meet Plaintiff's burden when the record contains sufficient evidence to determine whether she is disabled. *See Doughty*, 245 F.3d at 1280–81; *Wilson*, 179 F.3d at 1278.

Accordingly, the ALJ was not required to order a consultative psychological examination. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (noting that the ALJ is "not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision").

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**Recommended** in Ocala, Florida on May 15, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy